## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SEAN V.B. BRIGIDA, TESHAUN J.** | § | |
| **ALLEN, JUAN ARISMENDEZ,** | § | |
| **ALFREDO BALDERRAMA, CARLOS** | § | |
| **BARRERA, DAMIAN BAUGH,** | § | **C.A. No. _____** |
| **ARMANDO BRISENO, ISMAEL** | § | |
| **CABRERA, RAFAEL CASTRO, CESAR** | § | **JURY TRIAL DEMANDED** |
| **CONTRERAS, SAUL DIAZ,** | § | |
| **ALEJANDRO JOSE ESCOFFIE, JOSE** | § | |
| **SERVILIANO ESCOFFIE, DANIEL** | § | |
| **GALLEGOS JR., THOMAS GALLEGOS,** | § | |
| **ROBERTO GARCIA-LOPEZ, KEVIN** | § | |
| **ANDRE JOHNSON, JOSUE MARTINEZ,** | § | |
| **MARK ANTHONY MARTINEZ,** | § | |
| **RODRIGO MARTINEZ, RICHARD** | § | |
| **LUNA MENDOZA, BLADIMIR** | § | |
| **ALEJANDRO MERLAN, WILMER** | § | |
| **LIZANDRO MEZA, MIGUEL MONTES,** | § | |
| **FARID EYDER MONTES PEREZ,** | § | |
| **CESAR ORTIZ, LISETH PAOLA** | § | |
| **PEREIRA, WILBERG CEREN PRENS,** | § | |
| **JEAN RICHARD RENAUD, ELIJAH J.** | § | |
| **RENAUD, EDUARDO MURILLO** | § | |
| **SANMARTIN, CARLOS MIGUEL** | § | |
| **SANCHEZ, JOSE JOAQUIN SANCHEZ-** | § | |
| **ESCOFFIE, RICARDO GARTH** | § | |
| **SOLOMON, LUIS ALBERTO TORRES,** | § | |
| **FERNANDO ORLANDO VEGA,** | § | |
| **NESTOR MANUEL VELEZ, NICOLAS** | § | |
| **VERA, AND WILMER IVAN ZAVALA** | § | |
| **Individually and on Behalf Of All Others** | § | |
| **Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **RONALD C. VALK D/B/A PLATINUM** | § | |

CONSTRUCTION, ROBERT SHAWN §
VALK, and LIV GROUP INC. D/B/A §
PLATINUM CONSTRUCTION, §
§
      Defendants. §

## PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION AND OTHER RELIEF

Plaintiffs Sean V.B. Brigida, TeShaun J. Allen, Juan Arismendez, Alfredo Balderrama, Carlos Barrera, Damian Baugh, Armando Briseno, Ismael Cabrera, Rafael Castro, Cesar Contreras, Saul Diaz, Alejandro Jose Escoffie, Jose Serviliano Escoffie, Daniel Gallegos Jr., Thomas Gallegos, Roberto Garcia-Lopez, Kevin Andre Johnson, Josue Martinez, Mark Anthony Martinez, Rodrigo Martinez, Richard Luna Mendoza, Bladimir Alejandro Merlan, Wilmer Lizandro Meza, Miguel Montes, Farid Eyder Montes Perez, Cesar Ortiz, Liseth Paola Pereira, Wilberg Ceren Prens, Jean Richard Renaud, Elijah J. Renaud, Eduardo Murillo Sanmartin, Carlos Miguel Sanchez, Jose Joaquin Sanchez-Escoffie, Ricardo Garth Solomon, Luis Alberto Torres, Fernando Orlando Vega, Nestor Manuel Velez,  Nicolas Vera, and Wilmer Ivan Zavala (collectively, "Plaintiffs") file this Complaint against Ronald C. Valk d/b/a Platinum Construction, Robert Shawn Valk, and LIV Group, Inc. d/b/a Platinum Construction (collectively, "Defendants") for failing to pay overtime, minimum wage, and unlawfully retaliating in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs allege as follows:

1.      Defendants are owners and/or operators of construction companies that employ hourly, non-exempt construction workers in their day-to-day operations.

2.      Defendants own and/or operate construction companies for compensation that provide construction services in the greater Dallas-Fort Worth metropolitan area through the use of the trade name Platinum Construction.

PLAINTIFFS' ORIGINAL COMPLAINT, PAGE 1

3.      Defendants have engaged in a longstanding practice of misclassifying or attempting to misclassify their employees as independent contractors.

4.      Defendants have uniformly denied overtime pay to certain hourly, nonexempt employees by requiring and/or permitting Plaintiffs and all other similarly situated employees to work as construction workers and general laborers on various projects of Defendants for more than forty (40) hours per workweek at less than the legally-required overtime rate.

5.      Defendants' deliberate failure to pay their employees overtime compensation violates the FLSA, which, under 29 U.S.C. § 207(a), requires nonexempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate.

6.      Defendants further uniformly deny wages to certain hourly, nonexempt employees by requiring the employees to perform "off the clock" work. For example, Defendants have required and/or permitted Plaintiffs and all other similarly situated employees to work during portions of non-compensable meal breaks.

7.      Defendants' deliberate failure to pay their employees earned wages violates the FLSA, which, under 29 U.S.C. § 206(a), requires nonexempt employees to be compensated at the minimum wage for all hours worked.

8.      Plaintiffs perform multiple tasks for Defendants but are all subject to the same illegal policy and practice of failing to pay workers for all time worked and failing to pay associated overtime wages.

9.      Defendants further retaliated against certain Plaintiffs by presenting to them one or more documents that constitute an unenforceable FLSA waiver. Defendants have threatened to withhold wages owed from those Plaintiffs or terminate certain Plaintiffs if they refused to sign

the unenforceable documents that purport to directly or indirectly waive the particular employee's rights under the FLSA.

10.     Defendants are continuing to retaliate against numerous putative Plaintiffs and putative Class Members by threatening to terminate any current employee who joins this lawsuit and asserts the employee's rights under the FLSA.

11.     Defendants' deliberate threats of retaliatory conduct and discrimination against Plaintiffs and other putative Plaintiffs and/or Class Members violates the FLSA, which, under 29 U.S.C. § 215(a)(3), prohibits discharging or discriminating against any employee which has filed a complaint under the FLSA.

12.     Plaintiffs bring this collective action to recover the unpaid wages, overtime compensation, liquidated damages, and costs and attorneys' fees owed to them and all other similarly situated employees, current and former, of Defendants who worked for Defendants at any time during the three-year period before this Complaint was filed up to the present, and any additional relief that is just and proper for Plaintiffs. These putative Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), and its progeny.

## **PARTIES**

13.     Plaintiff Sean V.B. Brigida ("Brigida") is an individual residing at 5929 Colby Drive, Plano, Texas 75094.  Brigida was a nonexempt, hourly employee of Defendants from May 15, 2017 through October 5, 2017. Brigida's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 1.

14.     Plaintiff TeShaun J. Allen ("Allen") is an individual residing at 2423 FW Avenue Apartment 517, Dallas, Texas 7521. Allen was a nonexempt, hourly employee of Defendants from

May 1, 2016 through November 15, 2017. Allen's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 2.

15.     Plaintiff Juan Arismendez ("Arismendez") is an individual residing at 5325 Manett, Dallas, Texas 75206.  Arismendez was a nonexempt, hourly employee of Defendants from March 15, 2015 until April 4, 2018.  Arismendez's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 3.

16.     Plaintiff Alfredo Balderrama ("Balderrama") is an individual residing at 1022 Irene Drive, Mesquite, Texas 75149.  Balderrama was a nonexempt, hourly employee of Defendants until October 12, 2017.  Balderrama's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 4.

17.     Plaintiff Carlos Barrera ("Barrera") is an individual residing at 2714 Oates Drive, Dallas, Texas 75228.  Barrera was a nonexempt, hourly employee of Defendants from July of 2017 through April 15, 2018. Barrera's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 5.

18.     Plaintiff Damian M. Baugh ("Baugh") is an individual residing at 145 Ely Street, Colorado Springs, Colorado 80911. Baugh was a nonexempt, hourly employee of Defendants from July 26, 2016 through February 20, 2017. Baugh's written consent to join this action is being filed with this complaint, attached hereto as Exhibit 6.

19.     Plaintiff Armando Briseno ("Briseno") is an individual residing at 1077 Americana Lane, Mesquite, Texas 75150.  Briseno was a nonexempt, hourly employee of Defendants from November 10, 2015 through May 10, 2018. Briseno's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 7.

20.     Plaintiff Ismael Cabrera ("Cabrera") is an individual residing at 1022 Irene Drive,

Mesquite, Texas 75149.  Cabrera was a nonexempt, hourly employee of Defendants from June 15, 2016 through January 15, 2018. Cabrera's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 8.

21.     Plaintiff Rafael Antonio Castro ("Castro") is an individual residing at 1041 Centerville, Apartment 2606, Garland, Texas 75041. Castro was a nonexempt, hourly employee of Defendants from August 11, 2017 through January 19, 2018. Castro's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 9.

22.     Plaintiff Cesar Contreras ("Contreras") is an individual residing at 8233 Rayville Drive, Dallas, Texas 75217. Contreras started his employment with Defendants on June 6, 2016 and is currently still employed by Defendants. Contreras's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 10.

23.     Plaintiff Saul Diaz ("Diaz") is an individual residing at 5535 Harvest Hill Road, Dallas, Texas 75230.  Diaz was a nonexempt, hourly employee of Defendants from May 30, 2017 through February 15, 2018. Diaz's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 11.

24.     Plaintiff Jose Alejandro Escoffie ("J.A. Escoffie") is an individual residing at 12660 Jupiter Road, Dallas, Texas 75238.   J.A. Escoffie was a nonexempt, hourly employee of Defendants from May 10, 2015 through March of 2018. J.A. Escoffie's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 12.

25.     Plaintiff Jose Serviliano Escoffie ("J.S. Escoffie") is an individual residing at 7018 Cottonwood Circle, Sachse, Texas 75048.  J.S. Escoffie was a nonexempt, hourly employee of Defendants from approximately June 15, 2015 through November of 2017.  J.S. Escoffie's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 13.

26.     Plaintiff Daniel Gallegos Jr. ("D. Gallegos") is an individual residing at 2718 Cumberland Drive, Garland, Texas 75041.  D. Gallegos was a nonexempt, hourly employee of Defendants from November 10, 2015 through February 15, 2017.  D. Gallegos's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 14.

27.     Plaintiff Thomas Gallegos ("T. Gallegos") is an individual residing at 2324 Meadow Lark, Irving, Texas 75060. T. Gallegos was a nonexempt, hourly employee of Defendants from December 15, 2016 through November 10, 2018. T. Gallegos's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 15.

28.     Plaintiff Roberto Garcia-Lopez ("Garcia-Lopez") is an individual residing at 9669 Forest Lane, Apt. 906, Dallas, Texas 75243.  Garcia-Lopez was a nonexempt, hourly employee of Defendants from November 1, 2016 through December 1, 2017.

29.     Plaintiff Kevin Andre Johnson ("Johnson") is an individual residing at 3512 Louise Lane, Balch Springs, Texas 75180. Johnson was a nonexempt, hourly employee of Defendants from May 10, 2017 through December 18, 2017. Johnson's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 16.

30.     Plaintiff Josue Martinez ("J. Martinez") is an individual residing at 2814 Iroquois, Dallas, Texas 75212. J. Martinez was a nonexempt, hourly employee of Defendants from October 1, 2017 through November 4, 2017. Martinez's written consent to join this action is being filed with this Complaint, attached hereto as Exhibit 17.

31.     Plaintiff Mark Anthony Martinez ("M. Martinez") is an individual residing at 2314 Cecil Avenue, Tyler, Texas 75702.  M. Martinez was a nonexempt, hourly employee of Defendants from September 10, 2016 through March 20, 2017. M. Martinez's written consent to join this action is being filed with this Complaint, attached as Exhibit 18.

32.     Plaintiff Rodrigo Martinez ("R. Martinez") is an individual residing at 5535 Harvest Hill Road #2023, Dallas, Texas 75230. Martinez was a nonexempt, hourly employee of Defendants from at least October 18, 2016 through February 25, 2018. R. Martinez's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 19.

33.     Plaintiff Richard Luna Mendoza ("Mendoza") is an individual residing at 2552 Bahama Drive, Dallas, Texas 75211. Mendoza was a nonexempt, hourly employee of Defendants from November 10, 2015 through December 1, 2016. Mendoza's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 20.

34.     Plaintiff Bladimir Alejandro Merlan ("Merlan") is an individual residing at 676 Jock Lane, Wylie, Texas 75098. Merlan was a nonexempt, hourly employee of Defendants from May 10, 2016 until his resignation. Merlan's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 21.

35.     Plaintiff Wilmer Lizandro Meza ("Meza") is an individual residing at 12857 Montfort Drive #124, Dallas, Texas 75230. Meza was a nonexempt, hourly employee of Defendants from April 4, 2017 through January 19, 2018. Meza's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 22.

36.     Plaintiff Miguel Montes ("M. Montes") is an individual residing at 5535 Harvest Hill Road #2023, Dallas, Texas 75230. M. Montes was a nonexempt, hourly employee of Defendants from August 1, 2017 through January 31, 2018. M. Montes's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 23.

37.     Plaintiff Farid Eyder Montes Perez ("Montes Perez") is an individual residing at 5535 Harvest Hill, Dallas, Texas 75230. Montes Perez was a nonexempt, hourly employee of Defendants from July 10, 2017 through February 15, 2018. Montes Perez's written consent to join

this action is being filing with this Complaint, attached hereto as Exhibit 24.

38.     Plaintiff Cesar Ortiz ("Ortiz") is an individual residing at 920 West Grubb Drive, Mesquite, Texas 75149. Ortiz was a nonexempt, hourly employee of Defendants from November 11, 2016 through November 27, 2017. Ortiz's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 25.

39.     Plaintiff Liseth Paola Pereira ("Pereira") is an individual residing at 1041 East Centerville Road #2606, Garland, Texas 75041. Pereira was a nonexempt, hourly employee of Defendants from August 11, 2017 through December 11, 2017. Pereira's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 26.

40.     Plaintiff Wilberg Ceren Prens ("Prens") is an individual residing at 8542 Spring Valley, Dallas, Texas 75240. Prens was a nonexempt, hourly employee of Defendants from September 28, 2017 through January 9, 2018. Prens's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 27.

41.     Plaintiff Elijah J. Renaud ("E.J. Renaud") is an individual residing at 2216 Jackson Circle, Carrollton, Texas 75006. E.J. Renaud has been a nonexempt, hourly employee of Defendants since April 7, 2017 and is currently still employed by Defendants. E.J. Renaud's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 28.

42.     Plaintiff Jean Richard Renaud ("J.R. Renaud") is an individual residing at 2210 Marsh Lane, #2304, Carrollton, Texas 75006.  J.R. Renaud has been a nonexempt, hourly employee of Defendants since February 15, 2017 and is currently still employed by Defendants.

43.     Plaintiff Eduardo Murillo Sanmartin ("Sanmartin") is an individual residing at 9999 Walnut Street, Dallas, Texas 75243. Sanmartin was employed by Defendants from June 4, 2017 through May 25, 2017. Sanmartin's written consent to join this action is being filing with this

Complaint, attached hereto as Exhibit 29.

44.     Plaintiff Carlos Miguel Sanchez ("Sanchez") is an individual residing at 4401 Ashwood Drive, Mesquite, Texas 75150. Sanchez was a nonexempt, hourly employee of Defendants from March 23, 2016 through March 7, 2018. Sanchez's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 30.

45.     Plaintiff Jose Joaquin Sanchez-Escoffie ("Sanchez-Escoffie") is an individual residing at 4401 Ashwood Drive, Mesquite, Texas 75150. Sanchez-Escoffie was a nonexempt, hourly employee of Defendants from June 5, 2016 through August 28, 2017. Sanchez-Escoffie's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 31.

46.     Plaintiff Ricardo Garth Solomon ("Solomon") is an individual residing at 700 Fleming Street, Wylie, Texas 75098. Solomon was a nonexempt, hourly employee of Defendants from July 6, 2017 through May 10, 2018. Solomon's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 32.

47.     Plaintiff Luis Alberto Torres ("Torres") is an individual residing at 104 South Rolling Meadows Drive, Wylie, Texas 75098. Torres was a nonexempt, hourly employee of Defendants from October 2, 2017 through February of 2018. Torres's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 33.

48.     Plaintiff Fernando Orlando Vega ("Vega") is an individual residing at 706 North Tillery Avenue, Dallas, Texas 75211. Torres was a nonexempt, hourly employee of Defendants from October 1, 2015 through April 26, 2016. Vega's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 34.

49.     Plaintiff Nestor Manuel Velez ("Velez") is an individual residing at 5535 Harvest

Hill, Dallas, Texas 75230. Velez was a nonexempt, hourly employee of Defendants from May 15, 2017 through February 15, 2018. Velez's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 35.

50.     Plaintiff Nicolas Vera ("Vera") is an individual residing at 9999 Walnut Street #1080, Dallas, Texas 75243. Vera was a nonexempt, hourly employee of Defendants from December 15, 2015 through January 7, 2018. Vera's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 36.

51.     Plaintiff Wilmer Ivan Zavala ("Zavala") is an individual residing at 724 Daisy Drive, DeSoto, Texas 75115. Zavala was a nonexempt, hourly employee of Defendants from October 10, 2016 through March 15, 2018. Zavala's written consent to join this action is being filing with this Complaint, attached hereto as Exhibit 37.

52.     The named Plaintiffs in paragraphs 22 and 41-42 are hereinafter referred to as the "Current Employees."

53.     The named Plaintiffs in paragraphs 13-21, 23-40 and 43-51 are hereinafter referred to as the "Former Employees."

54.     The putative Class Members are all of Defendants' current and former construction workers and general labor employees who worked for Defendants as nonexempt, hourly workers at any time during the three years before this Complaint was filed. Plaintiffs' and putative Class Members' job duties include general labor, framing, cleaning, and security, among other things. At all times material hereto, Plaintiffs and all the similarly situated employees have performed their duties for the benefit of and on behalf of Defendants.

55.     Defendant Ronald C. Valk d/b/a Platinum Construction is an individual residing in and engaging in business in Texas. Ronald C. Valk may be served with process at his personal

residence, 2016 Kings Pass Trail, Rockwall, Texas 75032, or at his place of business, 1450 TL Townsend Blvd., Rockwall, Texas. This Court has personal jurisdiction over Ronald C. Valk because he is a resident of Texas.

56.     Defendant Robert Shawn Valk is an individual residing in and engaging in business in Texas. Robert Shawn Valk may be served with process at his personal residence, 1411 Stone Oak Ct., Cedar Hill, Texas 75104-6227, or at his place of business, 1450 TL Townsend Blvd., Rockwall, Texas. This Court has personal jurisdiction over Robert Shawn Valk because he is a resident of Texas.

57.     Defendant LIV Group, Inc. ("LIV") is a for-profit corporation organized under the laws of Texas. LIV maybe served with process through its Registered Agent, Jeff Hansen, at 1101 Little School Road, Arlington TX, 76017. This Court has personal jurisdiction over LIV because it is considered a resident of Texas.

58.     Defendants should be in possession of the time and wage records for Plaintiffs, individually and collectively, for each and every work week.

59.     Defendants employed and supervised Plaintiffs and Class Members.

60.     Each Defendant has acted directly or indirectly in the interest of an employer in relation to Plaintiffs and putative Class Members at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiffs and others similarly situated. Alternately, Defendants are joint employers of Plaintiffs and other similarly situated non-exempt workers in that each Defendant acts in the interest of the other in relation to Plaintiffs and other similarly situated workers. As a further alternative, Defendants are joint employers in that they are not completely disassociated with respect to the terms of compensation and employment of Plaintiffs and others similarly situated.

61.     Each Defendant has managerial responsibilities and substantial control over the terms and conditions of the Plaintiffs' and putative Class Members' employment. At all times relevant to this action, Defendants, either directly or indirectly, had the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees on each project; and (c) control the finances and operations of each project.

62.     At all material times, Defendants have operated as a single enterprise within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA. Defendants perform related activities through unified operation and common control for a common business purpose.

63.     As such, each Defendant qualifies as an employer of Plaintiffs and putative Class Members, which makes each Defendant individually liable under the FLSA.

## JURISDICTION AND VENUE

64.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

65.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because a substantial portion of the events forming the basis of this lawsuit occurred in this District and because Defendants are each subject to personal jurisdiction in this District.

## FLSA COVERAGE

66.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce. Specifically, Defendants' construction worker and general labor employees handle tools and other items at the work sites that have been moved in or produced for interstate commerce.

67.     On information and belief, Defendants' annual gross volume of sales made or business done is at least $500,000.

68.     Defendants have had, at all times relevant to this lawsuit, the power to hire and fire employees, the power to supervise or control employee work schedules or conditions of employment, and the power to determine the rate or method of payment of their employees. Additionally, Defendants maintain at least some employee records.

69.     As such, Defendants have operated as a single enterprise performing related activated through unified operation and common control for a common business purpose.

70.     Plaintiffs and putative Class Members accordingly have been employed in an enterprise engaged in commerce or in the production of goods for commerce as required by the FLSA.

## FACTS

71.     Defendants have instituted a policy and plan to misclassify Plaintiffs and putative Class Members as independent contractors in order to improperly deny them proper overtime pay, minimum wage pay, and FLSA protections from improper retaliation.

72.     Defendants operate numerous constructions sites throughout Texas, including in this District.

73.     Defendants employ Plaintiffs and putative Class Members as construction workers and general labor employees at these various construction sites. Defendants employ approximately 250 total workers total in these capacities.

74.     Plaintiffs are or have been construction workers at Defendants' job sites. Multiple Plaintiffs' sole source of income has been as an employee for Defendants at the aforementioned construction sites.

75.     Plaintiffs accordingly have direct knowledge of Defendants' denial of wages and overtime pay to Plaintiffs and putative Class Members, as well as Defendants' threats of retaliation

and/or actual retaliation against Plaintiffs and putative Class Members.

76.    Despite Defendants' contention that Plaintiffs and putative Class Members are independent contractors, Defendants have:

      a.   Possessed the power to hire and fire Plaintiffs and putative Class Members;

      b.   Supervised the work of Plaintiffs and putative Class Members;

      c.   Required Plaintiffs and putative Class Members to clock in and out at the start and end of every shift using a time clock, fingerprint clock, and/or time card;

      d.   Directly paid Plaintiffs and putative Class Members via check;

      e.   Set the schedule of Plaintiffs and putative Class Members by specify the start and stop times for each workday;

      f.   Maintained time records of Plaintiffs and putative Class Members;

      g.   Provided Plaintiffs and putative Class Members with all tools and supplies needed to perform their respective job functions;

      h.   Set the rate and method of payment for Plaintiffs and putative Class Members; and

      i.   Referred to Plaintiffs and putative Class Members as "employees" in private correspondence.

77.    Despite the fact that Defendants are employing Plaintiffs and putative Class Members, Defendants took a number of deliberate steps to misclassify and/or attempt to misclassify Plaintiffs and putative Class Members as independent contractors.

78.    For example, most Plaintiffs and putative Class Members were never provided IRS Forms 1099 or W2 by Defendants.

79.    Additionally, no payroll taxes of any kind were ever withheld from Plaintiffs and

putative Class Members' paychecks. On information and belief, Defendants themselves never paid the proper payroll taxes to the IRS for Plaintiffs and putative Class Members.

80.     Due to their misclassification as independent contractors, Plaintiffs and putative Class Members frequently worked more than forty (40) hours per workweek and were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

81.     Paragraphs 82 through 109 provide representative examples of weeks for which various Plaintiffs were not properly compensated for overtime hours. On information and belief, each Plaintiff and the putative Class Members were never compensated for overtime hours, and more information regarding the specific pay deficiencies over the last three years will be developed through discovery.

82.     In the workweek beginning on June 1, 2017, Plaintiff Brigida worked a total of 69.55 hours and was only paid $904.15. Based on the FLSA overtime requirements and his regular rate of pay of $13 per hour, Brigida was entitled to $1096.23 for this amount of hours for this workweek.

83.     In the workweek beginning on June 1, 2017, Plaintiff Allen worked a total of 52.03 hours and was only paid $676.39. Based on the FLSA overtime requirements and his regular rate of pay of $13 per hour, Allen was entitled to $754.59 for this amount of hours for this workweek.

84.     In the workweek ending on November 30, 2016, Plaintiff Arismendez worked a total of 47.00 hours and was only paid $705.00. Based on the FLSA overtime requirements and his regular rate of pay of $15 per hour, Arismendez was entitled to $757.50 for this amount of hours for this workweek.

85.     In the workweek beginning on August 3, 2017, Plaintiff Balderrama worked a total

of 60.30 hours and was only paid $964.64. Based on the FLSA overtime requirements and his regular rate of pay of $16 per hour, Balderrama was entitled to $1127.01 for this amount of hours for this workweek.

86.     In the workweek beginning on August 3, 2017, Plaintiff Barrera worked a total of 61.60 hours and was only paid $739.20. Based on the FLSA overtime requirements and his regular rate of pay of $12 per hour, Barrera was entitled to $868.80 for this amount of hours for this workweek.

87.     In the workweek beginning on January 5, 2017, Plaintiff Baugh worked a total of 45.62 hours and was only paid $638.54. Based on the FLSA overtime requirements and his regular rate of pay of $14 per hour, Baugh was entitled to $677.87 for this amount of hours for this workweek.

88.     In the workweek beginning on June 8, 2017, Plaintiff Briseno worked a total of 58.90 hours and was only paid $1060.38. Based on the FLSA overtime requirements and his regular rate of pay of $18 per hour, Briseno was entitled to $1230.51 for this amount of hours for this workweek.

89.     In the workweek beginning on August 3, 2017, Plaintiff Cabrera worked a total of 61.87 hours and was only paid $742.32. Based on the FLSA overtime requirements and his regular rate of pay of $12 per hour, Cabrera was entitled to $873.52 for this amount of hours for this workweek.

90.     In the workweek beginning on August 10, 2017, Plaintiff Castro worked a total of 50.32 hours and was only paid $704.34. Based on the FLSA overtime requirements and his regular rate of pay of $14 per hour, Castro was entitled to $776.57 for this amount of hours for this workweek.

91.     In the workweek beginning on August 11, 2017, Plaintiff Contreras worked a total of 60.00 hours and was only paid $720. Based on the FLSA overtime requirements and his regular rate of pay of $12 per hour, Contreras was entitled to $840.00 for this amount of hours for this workweek.

92.     In the workweek beginning on June 1, 2017, Plaintiff Diaz worked a total of 52.90 hours and was only paid $687.70. Based on the FLSA overtime requirements and his regular rate of pay of $13 per hour, Diaz was entitled to $771.55 for this amount of hours for this workweek.

93.     In the workweek ending on August 31, 2016, Plaintiff J.A. Escoffie worked a total of 71.00 hours and was only paid $852.00. Based on the FLSA overtime requirements and his regular rate of pay of $12 per hour, J.A. Escoffie was entitled to $1038.00 for this amount of hours for this workweek.

94.     In the workweek ending on August 31, 2016, Plaintiff J.S. Escoffie worked a total of 67.00 hours and was only paid $938.00. Based on the FLSA overtime requirements and his regular rate of pay of $14 per hour, J.S. Escoffie was entitled to $1127.00 for this amount of hours for this workweek.

95.     In at least one workweek, Plaintiff D. Gallegos worked a total of 52.00 hours and was only paid $1040.00. Based on the FLSA overtime requirements and his regular rate of pay of $20 per hour, D. Gellagos was entitled to $1160.00 for this amount of hours for this workweek.

96.     In at least one workweek, Plaintiff Garcia-Lopez worked a total of 50.00 hours and was only paid $600.00. Based on the FLSA overtime requirements and his regular rate of pay of $12 per hour, Garcia-Lopez was entitled to $660 for this amount of hours for this workweek.

97.     In the workweek beginning on May 18, 2017, Plaintiff Johnson worked a total of 70.20 hours and was only paid $982.80. Based on the FLSA overtime requirements and his regular

rate of pay of $14.00 per hour, Johnson was entitled to $1194.20 for this amount of hours for this workweek.

98.     In the workweek ending on August 31, 2016, Plaintiff J. Martinez worked a total of 44 hours and was only paid $726.00. Based on the FLSA overtime requirements and his regular rate of pay of $16.50 per hour, J. Martinez was entitled to $759.00 for this amount of hours for this workweek.

99.     In the workweek beginning on February 2, 2017, Plaintiff M. Martinez worked a total of 55.77 hours and was only paid $725.01. Based on the FLSA overtime requirements and his regular rate of pay of $13.00 per hour, M. Martinez was entitled to $827.52 for this amount of hours for this workweek.

100.     In the workweek beginning on December 1, 2016, Plaintiff Meza worked a total of 52.00 hours and was only paid $728.00. Based on the FLSA overtime requirements and his regular rate of pay of $14.00 per hour, Meza was entitled to $812.00 for this amount of hours for this workweek.

101.     In the workweek beginning on August 3, 2017, Plaintiff M. Montes worked a total of 51.05 hours and was only paid $663.65. Based on the FLSA overtime requirements and his regular rate of pay of $13.00 per hour, M. Montes was entitled to $735.48 for this amount of hours for this workweek.

102.     In the workweek beginning on August 17, 2017, Plaintiff Ortiz worked a total of 62.40 hours and was only paid $998.40. Based on the FLSA overtime requirements and his regular rate of pay of $16.00 per hour, Ortiz was entitled to $1177.60 for this amount of hours for this workweek.

103.     In the workweek beginning on August 10, 2017, Plaintiff Pereira worked a total of

50.22 hours and was only paid $602.52. Based on the FLSA overtime requirements and his regular rate of pay of $12.00 per hour, Pereira was entitled to $663.83 for this amount of hours for this workweek.

104.     In the workweek beginning on July 27, 2017, Plaintiff E.J. Renuad worked a total of 53.68 hours and was only paid $912.56. Based on the FLSA overtime requirements and his regular rate of pay of $17.00 per hour, E.J. Renaud was entitled to $1028.84 for this amount of hours for this workweek.

105.     In the workweek beginning on February 16, 2017, Plaintiff J.R. Renuad worked a total of 47.07 hours and was only paid $1176.50. Based on the FLSA overtime requirements and his regular rate of pay of $25.00 per hour, J.R. Renaud was entitled to $1264.86 for this amount of hours for this workweek.

106.     In the workweek beginning on January 12, 2017, Plaintiff Sanchez worked a total of 50.13 hours and was only paid $752.10. Based on the FLSA overtime requirements and his regular rate of pay of $15.00 per hour, Sanchez was entitled to $828.08 for this amount of hours for this workweek.

107.     In the workweek ending on September 7, 2016, Plaintiff Vega worked a total of 48.00 hours and was only paid $768.00. Based on the FLSA overtime requirements and his regular rate of pay of $16.00 per hour, Vega was entitled to $832.00 for this amount of hours for this workweek.

108.     In the workweek beginning on July 6, 2017, Plaintiff Vera worked a total of 64.28 hours and was only paid $899.92. Based on the FLSA overtime requirements and his regular rate of pay of $14.00 per hour, Vera was entitled to $1069.88 for this amount of hours for this workweek.

PLAINTIFFS' ORIGINAL COMPLAINT, PAGE 19

109.     In the workweek ending on July 6, 2017, Plaintiff Zavala worked a total of 60.00 hours and was only paid $840. Based on the FLSA overtime requirements and his regular rate of pay of $14.00 per hour, Zavala was entitled to $980.00 for this amount of hours for this workweek.

110.     Additionally, due to their misclassification as independent contractors, as well as Defendants' policy of automatically deducting thirty minutes of time for every day worked without regard to whether Plaintiffs and putative Class Members actually took breaks, Plaintiffs and putative Class Members frequently worked through non-compensable meal breaks and received no compensation for these work hours. This violates the FLSA mandate that minimum wage be paid for all hours worked. Furthermore, to the extent that these improperly deducted hours occurred in weeks in which Plaintiffs and putative Class Members had already worked more than 40 hours, such time worked during breaks should have been compensated at the FLSA-mandated time-and-a-half rate.

111.     The time Plaintiffs spend working through non-compensable breaks, and Defendants' failure to compensate Plaintiffs for same, is not governed by the express terms of or by custom or practice under a bona fide collective bargaining agreement applicable to Plaintiffs.

112.     Defendants' misclassification of Plaintiff and putative Class Members was willful and not based on good faith and reasonable belief that its conduct complied with the FLSA.

113.     Defendants knew that, if their employees were not misclassified as independent contractors, they would have had to comply with the FLSA. As evidence of this, Defendants have sent letters to certain Plaintiffs and putative Class Members. This letter, which Defendants required certain Plaintiffs and putative Class Members to sign as a condition of continued employment and in order for certain Plaintiffs and putative Class Members to receive their paychecks, explicitly provided that "it is understood by the parties that the Contractor is an independent contractor …

PLAINTIFFS' ORIGINAL COMPLAINT, PAGE 20

and not an employee of the Company." The letter further stated that the company would not provide "fringe benefits, health insurance, workers compensation, paid vacation, overtime, comp time, sick pay, or any other employee benefits. The Contractor shall be responsible for their own taxes and insurance." Although waivers of FLSA benefits such as overtime are unenforceable, Defendants' improper attempt to coerce their employees into waiving such benefits demonstrates Defendants' knowledge that they were responsible for certain FLSA benefits that they were not providing.

114.    In response to certain Plaintiffs exercising their rights and engaging in protected activity under the FLSA by refusing to sign said letter, Defendants improperly retaliated against numerous Plaintiffs by withholding pay, threatening termination, and even terminated the employment of at least one Plaintiff.

115.    Upon information and belief, Defendants are currently actively retaliating against Current Employee Plaintiffs by threating to terminate to any Current Employee who opts into or participates in this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

116.    Defendants willfully failed to pay their employees overtime pay for hours over forty per workweek, as required by 29 U.S.C. § 207.

117.    Defendants willfully failed to pay their employees minimum for hours worked during non-compensable meal breaks, as required by 29 U.S.C. § 206.

118.    Plaintiffs bring Counts I-II below individually and on behalf of all construction workers and general laborers who were employed by Defendants between June 5, 2015 and until the date of final judgement in this matter.

119.    Putative Class Members are similarly situated.

120.     Putative Class Members have had substantially similar job requirements and pay provisions, and they were all subjected to a policy that misclassified them as independent contractors. Such policy required or permitted the putative Class Members to work in excess of forty hours per workweek for the benefit of Defendants, without receiving time and a half for hours worked over forty. Such policy further required or permitted putative Class Members to work for no compensation during non-compensable meal breaks.

121.     Plaintiffs estimate that there are over 250 similarly situated current and former construction workers and general laborers whose FLSA rights to overtime pay were violated by Defendants.

122.     The experience of Plaintiffs with regard to their pay is typical of the experience of the putative Class Members.

123.     All putative Class Members, irrespective of their particular job requirements, are entitled to minimum wage for all hours worked and overtime pay for hours worked in excess of forty per workweek.

124.     Although the exact amount of damages may vary among the putative Class Members, the damages for members arise from a common nucleus of operative fact and can be easily calculated by a formula.

125.     The putative Class Members would benefit from the issuance of court-supervised Notice and opportunity to join this lawsuit.

126.     Plaintiffs and putative Class Members should therefore be permitted to purse their overtime claims collectively, pursuant to 29 U.S.C. § 216(b).

127.     A collective action will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the putative Class Members.

PLAINTIFFS' ORIGINAL COMPLAINT, PAGE 22

128.     Plaintiff Sean V.B. Brigida requests that he be permitted to serve as a representative for those who consent to participate in this action and that the action be granted collective action status pursuant to 29 U.S.C. § 216(b).

129.     As such, the FLSA Collective Action Class of similarly situated plaintiffs is properly defined as:

> **All of Defendants' current construction workers and general laborers and all of Defendants' former construction workers and general laborers who worked for Defendants at any time during the three years before the filing of this Complaint up to the present.**

## <u>COUNT ONE</u>
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207**
*On behalf of Plaintiffs and the FLSA Collective Action Class*

130.     Plaintiffs herein incorporate by reference the allegations in paragraphs 1-129 as if fully set forth herein.

131.     Defendants are covered employers within the meaning of the FLSA and are subject to the recordkeeping and overtime pay requirements of the FLSA.

132.     At all times relevant to the case, Defendants were engaged in commerce within the meaning of the FLSA.

133.     At all times relevant to the case, Plaintiffs were employed by Defendants and have been entitled to the rights, protections, and benefits provided under the FLSA.

134.     Plaintiffs' employment does not fall under any of the exemptions to the overtime requirements of the FLSA.

135.     The FLSA requires covered employers like Defendants to pay nonexempt employees like Plaintiffs and the putative Class Members no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

136.     Plaintiffs and the putative Class Members regularly worked more than forty hours per week for Defendants. Though known to Defendants, Defendants did not properly compensate Plaintiffs and the putative Class Members for their overtime hours as required by the FLSA. The individually-named Plaintiffs and all similarly-situated employees are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA, has been applied to all Plaintiffs.

137.     Defendants knew that Plaintiffs and the putative Class Members worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the putative Class Members wages at the required overtime rates in violation of 29 U.S.C. § 207. Alternatively, Defendants showed a reckless disregard of whether its conduct was prohibited by the FLSA.

138.     As a direct and proximate result of these unlawful practices, Plaintiffs and the putative Class Members suffered and continue to suffer damages and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

139.     Defendants failed to keep adequate records of Plaintiffs and putative Class Members' work hours and pay in violation of 29 U.S.C. § 211(c). Federal regulations mandate that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information: (a) The time of day and day of week on which the employees' workweek begins; (b) The regular hourly rate of pay for any workweek in which overtime compensation is due under 29 U.S.C. § 207(a); (c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis; (d) The amount and nature of each payment which, pursuant to § 207(e), is excluded from the "regular

rate"; (e) The hours worked each workday and total hours worked each workweek; (f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation; (g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section; (h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments; (i) The dates, amounts, and nature of the items which make up the total additions and deductions; (j) The total wages paid each pay period; and (k) The date of payment and the pay period covered by payment. To the extent that Defendants' records are incomplete or inaccurate, Plaintiffs and putative Class Members can prove Count I by showing that they performed work for which they were improperly compensated and by producing sufficient evidence to show the amount and extent of the work through a just and reasonable inference.

## COUNT TWO
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 206
*On behalf of Plaintiffs and the FLSA Collective Action Class*

140.     Plaintiffs herein incorporate by reference the allegations in paragraphs 1-139 as if fully set forth herein.

141.     Defendants are covered employers within the meaning of the FLSA and are subject to the recordkeeping and pay requirements of the FLSA.

142.     At all times relevant to the case, Defendants were engaged in commerce within the meaning of the FLSA.

143.     At all times relevant to the case, Plaintiffs were employed by Defendants and have been entitled to the rights, protections, and benefits provided under the FLSA.

144.     Plaintiffs' employment does not fall under any of the exemptions to the minimum

wage requirements of the FLSA.

145.    The FLSA requires covered employers like Defendants to pay nonexempt employees like Plaintiffs and the putative Class Members at least the minimum wage for all hours worked.

146.    Plaintiffs and the putative Class Members regularly and frequently worked during breaks, but Defendants did not compensate them at all for these hours worked.

147.    Defendants knew that Plaintiffs and the putative Class Members worked during breaks, yet they willfully failed and refused to pay Plaintiffs and the putative Class Members wages at the required minimum wage in violation of 29 U.S.C. § 206. Alternatively, Defendants showed a reckless disregard of whether its conduct was prohibited by the FLSA.

148.    As a direct and proximate result of these unlawful practices, Plaintiffs and the putative Class Members suffered and continue to suffer damages and are therefore entitled to recover unpaid hours worked during breaks for up to three years prior to the filing of their claims, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

149.    Defendants failed to keep adequate records of Plaintiffs and putative Class Members' work hours and pay in violation of 29 U.S.C. § 211(c). Federal regulations mandate that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information: (a) The time of day and day of week on which the employees' workweek begins; (b) The regular hourly rate of pay for any workweek in which overtime compensation is due under 29 U.S.C. § 207(a); (c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis; (d) The amount and nature of each payment which, pursuant to § 207(e), is excluded from the "regular

rate"; (e) The hours worked each workday and total hours worked each workweek; (f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation; (g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section; (h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments; (i) The dates, amounts, and nature of the items which make up the total additions and deductions; (j) The total wages paid each pay period; and (k) The date of payment and the pay period covered by payment. To the extent that Defendants' records are incomplete or inaccurate, Plaintiffs and putative Class Members can prove Count II by showing that they performed work for which they were improperly compensated and by producing sufficient evidence to show the amount and extent of the work through a just and reasonable inference.

**COUNT THREE**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 215**
*On behalf of Current Employee Plaintiffs*

150.    Current Employee Plaintiffs herein incorporates by reference the allegations in paragraphs 1-149 as if fully set forth herein.

151.    Defendants are covered employers within the meaning of the FLSA and are subject to the requirements of the FLSA.

152.    At all times relevant to the case, Defendants were engaged in commerce within the meaning of the FLSA.

153.    At all times relevant to the case, Current Employee Plaintiffs were employed by Defendants and have been entitled to the rights, protections, and benefits provided under the FLSA.

154.    Current Employee Plaintiffs engaged in protected activity under the FLSA by, *inter*

*alia*, participating or planning to participate in this lawsuit.

155.    Current Employee Plaintiffs are experiencing the adverse actions of threats of termination and/or termination by Defendants because of engaging in the protected activity of participating in this lawsuit.

156.    As a direct and proximate result of these unlawful practices, Current Employee Plaintiffs suffered and continue to suffer damages and are therefore entitled to recover lost wages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT FOUR
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 215**
*On behalf of Retaliation Victim Plaintiffs*

157.    Plaintiffs Allen, Balderrama, Barrera, Brigida, Briseno, Cabrera, J.A. Escoffie, T. Gallegos, Garcia-Lopez, Johnson, J. Martinez, Montes Perez, Prens, Sanmartin, Sanchez, Solomon, Torres, Vega, Velez, Vera, and Zavala (the "Retaliation Victims") bring this count against Defendants for Defendants' retaliation against them for exercising their rights under the FLSA.

158.    The Retaliation Victims herein incorporate by reference the allegations in paragraphs 1-157 as if fully set forth herein.

159.    Defendants are covered employers within the meaning of the FLSA and are subject to the requirements of the FLSA.

160.    At all times relevant to the case, Defendants were engaged in commerce within the meaning of the FLSA.

161.    At all times relevant to the case, the Retaliation Victims were employed by Defendants and have been entitled to the rights, protections, and benefits provided under the FLSA.

162.    The Retaliation Victims engaged in protected activity under the FLSA by, *inter alia*,

refusing to sign Defendants' unenforceable FLSA waiver.

163.    The Retaliation Victims have experienced the adverse actions of termination and/or the withholding of paychecks by Defendants because of engaging in the protected activity of refusing to sign an unenforceable FLSA waiver.

164.    As a direct and proximate result of these unlawful practices, the Retaliation Victims suffered and continue to suffer damages and are therefore entitled to recover lost wages for the time during which any were wrongfully terminated, lost wages due to any paychecks being improperly withheld, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## CONDITIONS PRECEDENT

165.    All conditions precedent to Plaintiffs' recovery have occurred or have been performed.

## REQUEST FOR INJUNCTIVE RELIEF

166.    Plaintiffs re-allege and incorporate herein by reference those facts set forth above in paragraphs 1-165.

167.    The actions of Defendants have caused or threaten Plaintiffs with irreparable injury for which there is no adequate remedy at law.

168.    Plaintiffs seek a preliminary injunction and then a permanent injunction enjoining Defendants and all persons acting on their behalf, in concert with them, or under their control from engaging in the following activities:

- Communicating with Plaintiffs and putative Class Members regarding this lawsuit or the FLSA violations alleged herein;

- Discharging, withholding paychecks, or otherwise discriminating against Plaintiffs and

putative Class Members with respect to compensation, terms, conditions, or other privileges of employment because the employee (or an individual acting at the request of the employee) has assisted or participated, or is about to assist or participate in this lawsuit; and

- Discharging, withholding paychecks, or otherwise discriminating against Plaintiffs and putative Class Members with respect to compensation, terms, conditions, or other privileges of employment because the employee (or an individual acting at the request of the employee) refuses to sign Defendants' unenforceable FLSA waiver or has objected to the FLSA violations alleged herein;

169.    Plaintiffs also request that the Court to issue a corrective notice to Plaintiffs and putative Class Members to remedy Defendants' misleading, coercive, and improper communications described above and clarify that:

- Defendants' letter contains false and misleading information;

- Defendants cannot unilaterally and retroactively classify Plaintiffs and putative Class Members as independent contractors instead of employees;

- The determination of whether Plaintiffs and putative Class Members are independent contractors is a disputed matter to be resolved by the finder of fact in this lawsuit;

- Plaintiffs and putative Class Members cannot waive their rights under the FLSA;

- Defendant is prohibited from retaliating or otherwise discriminating against Plaintiffs and putative Class Members for participating or assisting in this lawsuit, including by withholding employment benefits or paychecks, reducing pay, or terminating employment; and

- Any threatened retaliation by Defendants against Plaintiffs and putative Class Members for

participation or assistance in this lawsuit is unlawful and should be reported to Plaintiffs' lawyers.

170.    Equity favors the relief that Plaintiffs seek. Plaintiffs and putative Class Members will be harmed if the relief sought hereunder is denied and Defendants are permitted to continue to spread misinformation regarding Plaintiffs' and putative Class Members' rights under the FLSA and retaliate against Plaintiffs and putative Class Members who participate and assist in this lawsuit. For all the reasons described above, it is probable that Plaintiffs will succeed in proving that Defendants have engaged in prohibited retaliatory conduct under the FLSA. Defendants have sought to coerce Plaintiffs and putative Class Members into waiving their rights under the FLSA and opting out of this lawsuit by threatening to withhold paychecks and discharge their employment. In at least one case, Defendants terminated the employment of one Plaintiff because he refused to sign Defendants' unenforceable FLSA waiver.

171.    If a preliminary injunction is not granted, Plaintiffs and putative Class Members will suffer irreparable injury. There is a high probability that Defendants' conduct will have created a chilling effect on class participation. Plaintiffs and putative Class Members may be misled and dissuaded by Defendants' conduct from participating or assisting in this lawsuit, effectively forfeiting their rights under the FLSA. Further, while Plaintiffs and putative Class Members will be entitled to monetary damages if they prevail, they will likely suffer irreparable reputational injury if they are terminated by Defendants, making it difficult if not impossible for them to find alternate employment. If terminated for their participation in this case, there is a significant risk that Plaintiffs and putative Class Members will be blackballed by the industry.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiffs requests that the Court find in their favor and against Defendants, and that the Court:

a.  Issue an Order certifying this action as a Collective Action under the FLSA and designating Plaintiff Sean V.B. Brigida as the representative of all those similarly situated pursuant to 29 U.S.C. § 216(b).

b.  Authorize that Notice of this Collective Action be issued by the Court or Plaintiffs to all persons who have been employed by Defendants as construction workers and general laborers at any time from June 5, 2015 up through and including the date Notice is issued. Such Notice shall inform these persons that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages.

c.  Grant leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court.

d.  Issue an order requiring that Plaintiffs who were victims of retaliation by Defendants be reinstated to their previous position of employment with Defendants pursuant to 29 U.S.C. § 216(b).

e.  Issue a preliminary injunction and then a permanent injunction enjoining Defendants and all persons acting on their behalf, in concert with them or under their control, from the conduct listed above in paragraph 168 and a corrective notice to Plaintiffs and putative Class Members clarifying the issues listed above in paragraph 169.

f.  Issue an order tolling the Statute of Limitations for an additional ninety (90) days from the date of notice to the putative Class Members for their asserted FLSA claims.

g.  Award Plaintiffs and other similarly situated employees actual damages for the unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

h.  Award Plaintiffs and other similarly situated employees actual damages for the

any time for which they were not compensated the minimum wage an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

i.      Award Plaintiffs' counsel reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

j.      Award Plaintiff and all those similarly situated further legal and equitable relief as the Court may deem just and proper under the circumstances.

Dated: June 5, 2018

Respectfully submitted,

Jeffrey R. Bragalone
Texas Bar No. 02855775
Daniel F. Olejko
Pennsylvania Bar No. 205512
Brian P. Herrmann
Texas Bar No. 24083174
BRAGALONE CONROY PC
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
dolejko@bcpc-law.com
bherrmann@bcpc-law.com

**ATTORNEYS FOR PLAINTIFFS**